**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DAVID PRITCHARD,** | ) | |
| | ) | **CIVIL ACTION NO. 2-03CV-057** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Judge T. John Ward |
| | ) | |
| **SM&P UTILITY RESOURCES, INC.,** | ) | Collective Action Pursuant to 29 U.S.C. |
| | ) | § 216(b) |
| Defendant. | ) | |

**JOINT STIPULATION
AND MOTION TO APPROVE SETTLEMENT (WITH EXHIBITS FILED UNDER
SEAL)**

COME NOW Plaintiffs (the "Plaintiffs"), and Defendant SM&P Utility Resources, Inc., ("SM&P" or "Defendant"), by and through their respective attorneys, and submit the following stipulations to the Court (with attachments filed under seal in accordance with the accompanying Motion):

**I.   OVERVIEW**

The parties are pleased to report to the Court that a confidential settlement has been reached in this case after years of litigation and several months of mediation and negotiation. A key and material term of the settlement is that the terms of the settlement be kept confidential. The agreement as to confidentiality was an important condition to the agreement to settle the case and the settlement agreement is being filed under seal along with this Motion. Accordingly, the Parties have filed herewith a joint motion to place the Settlement Agreement (attached hereto as Exhibit 2) and all other attachments to this motion under seal. The parties all agree that the terms of the Protective Order entered in this case shall apply to any financial or other terms concerning the settlement and all other materials filed in connection with or in support of such a motion to approve settlement, except that such settlement terms, such materials and the

settlement agreement may be used in any litigation or arbitration between The Laclede Group, Inc. and NiSource Inc.

Because this case involves the assertion of claims under the Fair Labor Standards Act ("FLSA"), and a waiver of FLSA claims to be effective must be obtained in connection with a United States Department of Labor or a judicially supervised settlement, supervision of the terms of the settlement is a condition of the settlement.

## II.  PROCEDURAL BACKGROUND

Plaintiffs' filed their Complaint in the United States District Court in the Eastern District of Texas on March 12, 2003. Plaintiffs' Complaint sought to pursue a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for alleged failure to pay overtime compensation on behalf of the named plaintiffs and other similarly-situated individuals employed with SM&P.

On October 14, 2003, Plaintiffs filed a motion for Court-facilitated notice to be sent to all persons employed as locators during the past three years in the states in which SM&P does business. On March 1, 2004, the Court granted Plaintiffs' notice motion and conditionally certified a collective action as to certain locators. Notice of the lawsuit was mailed to approximately 3,173 locators employed by SM&P during an agreed potential three-year liability period. A total of 965 locators opted into and remained in the lawsuit.

On April 20, 2005, the Court approved the Joint Motion for Entry of Agreed Case Management Order allowing the discovery of the case to go forward using a representative sample of 40 "Representative Plaintiffs" and permitting trial to go forward with up to 20 Representative Plaintiffs.

During the course of discovery, the Parties exchanged more than 120,000 pages of documents (including personnel records, time cards, and damage files) and tens of thousands of computer records showing daily activity for the Plaintiffs. (Braziel Decl., Exh. 1, ¶ 4). Plaintiffs gathered information from more than 325 Plaintiffs, and the Parties conducted more than 35 depositions. (*Id*.). These depositions included testimony from Representative Plaintiffs, front-line and upper SM&P management, and an attorney who provided legal advice to SM&P during the relevant time period. (*Id*.). The Parties also exchanged detailed payroll data for all of the Plaintiffs, including the Representative Plaintiffs. (*Id*.).

The Parties mediated this case on three different occasions between January and May, 2006. (Braziel Decl., Exh. 1, ¶ 6). The Parties used the services of Kip Glasscock, a very skilled, complex-litigation mediator. In addition to the mediation sessions, the Parties, both with and without Mr. Glasscock's assistance, engaged in informal exchanges of information in aid of settlement. (*Id*.). As a result of the mediation and these other efforts, the Parties reached a negotiated settlement that will fully and finally resolve all of the claims of all Plaintiffs for alleged unpaid overtime, liquidated damages, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 211(c), 216(b) and any state wage and hour overtime claims, as well as any other claims released in Paragraph 4(b) of the parties' settlement agreement (the "Settlement Agreement"). The Settlement Agreement, filed under seal, represents a fair and reasonable compromise of Plaintiffs' claims, and the parties now move the Court to approve the settlement of this action, and stipulate to dismissal of this action with prejudice. (Braziel Decl., Exhibit 1, ¶ 7).

In order to be a binding settlement under the FLSA, a waiver of FLSA claims must be obtained in connection with a court-supervised settlement or a settlement supervised by the

Department of Labor.  The Court may approve a settlement where the settlement involves the resolution of a *bona fide* dispute and is a fair and reasonable compromise of issues that are actually in dispute.  *Lynn's Food Stores, Inc. v. U.S., By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F. 2d 1350 (11th Cir. 1982); *Jarrad v. Southern Shipbuilding Corp.,* 163 F. 2d 960 (1947).

### III.     THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF DISPUTED ISSUES

Plaintiffs' counsel believes that the causes of action, allegations, and contentions asserted in the action have substantial merit, that the time associated with receiving and transmitting assignments and completed paperwork electronically (and other related activities, including routing and sorting tickets) and with travel from home to the first locate and from the last locate home is legally compensable hours worked for purposes of the FLSA, and that the evidence developed to date supports the causes of action asserted.  Defendant has strongly denied the allegations and positions asserted, disputed the participation of a number of class members, rejected the proposition that the case is appropriate for collective action treatment, denied that any of the time plaintiffs seek to recover is legally compensable hours worked, and asserted substantial claims for set off regarding damages for improperly performed locates.  Plaintiffs have vigorously disputed these positions.

Both Parties recognize and acknowledge the expense, delay, and potential outcomes associated with the continued lengthy proceedings necessary to prosecute the action through trial and through appeal.  Plaintiffs' counsel has taken into account the risk of any litigation as well as the difficulties and delays inherent in such litigation.  Plaintiffs' counsel further recognizes that there is potential for a trier of fact to conclude that the Plaintiffs are not entitled to relief under

the Fair Labor Standards Act and/or to relief under the Fair Labor Standards Act that would exceed the amounts agreed to in the parties' Settlement Agreement.  Plaintiffs' counsel believes that the Settlement Agreement confers substantial benefits upon each of the Plaintiffs, and that a review of the settlement by the Court in the approval process will confirm this.  Based on a thorough evaluation, Plaintiffs' counsel has determined that the terms of the settlement, as set out in the Settlement Agreement, is in the best interests of the Plaintiffs.

Defendant has denied and continues to deny that Plaintiffs are entitled to any recovery or relief under the Fair Labor Standards Act. Defendant has also denied and continues to deny, *inter alia*, the allegations that the Plaintiffs have suffered damages by reason of the alleged failure to pay wages for all hours worked, or that the Plaintiffs were harmed by any of the conduct alleged in the action.  Defendant has vigorously defended the claims in this action.  Nonetheless, Defendant has concluded that the further conduct of the action would be protracted and expensive, and would require management and staff to dedicate considerable time to the further defense of this case that could be spent on operating the business, and that it is desirable that the action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement (attached as Exhibit 2 to this Motion) in order to limit further expense, inconvenience, management and staff time, and distraction of key personnel.

In order to determine an appropriate amount of unpaid wages for the Plaintiffs, SM&P provided payroll data for all Plaintiffs covering a specific time period dating back from the time SM&P enacted a policy regarding the reporting of time associated with the upload / download process to a date which was approximately three (3) years from the date notice of the collective action was sent. (Braziel Declaration, ¶ 9).   This data reflected the varying rates of pay for the class members over their courses of employment as locators during this time period as well as

the number of weeks Plaintiffs performed enough work as locators to place them into overtime for the week. (*Id.*). The actual payroll data was placed into a damage model to determine the overall payment that would result to opt in Plaintiffs as well as the payment to be made to each individual member of the class with respect to this time period. (*Id.*). The damage model takes into account variances in longevity of employment, differences in rates of pay, and the effect of seasonality, promotion, or extended leaves of absence for each Plaintiff during this time period. (*Id.*). The damage model includes a payment for time worked per week but not otherwise reported during this time period. The amount of time assumed for purposes of this damage model represents a compromise between the amount of time representative plaintiffs claimed was attributable to upload / download activities and travel time and Defendant's position that none of this time was compensable and that the time involved with the upload / download process was de minimis and therefore not compensable. The compromise equates to approximately half the total time per week on average claimed by representative plaintiffs as attributable to upload / download activities and travel time, and to a substantial majority of the time per week representative plaintiff locators claimed was attributable to upload / download activities. (*Id.*). The amount of time assumed for purposes of the damage model represents a fair and reasonable compromise concerning the number of hours based on Plaintiffs' timesheets, the electronic log-on and log-off data, the electronic ticket activity data, and the testimony of the Plaintiffs and Defendants witnesses. (*Id.*). According to Plaintiffs' counsel, each Plaintiff will receive his/her *pro rata* share of the settlement proceeds, based on the damage model calculations. (*Id.*). In accordance with the representative consent forms, the named Plaintiff, on behalf of himself and the opt-in plaintiffs, have agreed to the terms of the Settlement Agreement. (*Id.*). The

individually contracted Plaintiffs also have agreed to the settlement terms and the Settlement Agreement. (*Id.*).

The settlement reflected in the Settlement Agreement represents a fair and reasonable settlement of a number of vigorously-contested, actual, *bona fide* disputes concerning liability, the Plaintiffs' right to proceed as a collective action, the amount of damages claimed, certain Plaintiffs' right to sue in this case, and SM&P's right to certain offsets for damages caused by improperly performed locates by Plaintiffs. (*See* Braziel Declaration, Exhibit 1).

The Parties stipulate, consent and agree to the entry of an Order (the "Order") in the form provided with this Joint Stipulation and Motion to Approve Settlement.

The Parties request that the Court approve the terms of the settlement per the terms of the accompanying Order.  Upon entry of the Order, the claims specified in Paragraph 4(b) of the Settlement Agreement (and set forth in the Order) will be dismissed with prejudice, with each party to bear and pay for its own attorneys fees and costs except as otherwise provided for in the Settlement Agreement and Order.

The parties agree that this Joint Stipulation and Order shall be deemed a settlement agreement and therefore may not be utilized by anyone, other than the parties or NiSource, Inc., in any lawsuit or other proceeding as provided for under the Federal Rules of Evidence and/or any applicable state rules or as may be necessary to defend against duplicative or released claims.

Plaintiffs' counsel advises the Court that they have sent a mailing to each of the Plaintiffs at their last known address advising them of the principal terms of the settlement and the amount each Plaintiff will receive.  (Braziel Decl., ¶ 9).

The Parties are entering into this settlement for purposes of settlement and compromise only, to avoid the time, expense, costs, and staff time and attention associated with further litigation and to buy peace. However, this stipulation and settlement does not constitute an admission by SM&P, The Laclede Group, Inc., NiSource Inc., or anyone associated or affiliated with SM&P, The Laclede Group, Inc. or NiSource Inc. as to fault, liability, violation of any law, or wrongdoing, all such fault, liability and wrongdoing being expressly denied. Plaintiff disagrees with and denies SM&P's positions, and SM&P and such persons and entities disagree with and deny Plaintiffs' positions and deny that SM&P or any other such person or entity has violated any law.

## IV.    CONCLUSION

The Parties hereby request the Court to enter the Consent Order submitted with this Stipulation, thereby approving the terms of the settlement.

Respectfully submitted,

THOMPSON COBURN LLP

By:__/s/    Charles Poplstein_____

Charles M. Poplstein
Clifford Godiner
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
314-552-6000
314-552-7095 (Fax)

Attorneys for Defendant


LEE & BRAZIEL, LLP

By:___/s/    J. Derek Braziel_____
J. Derek Braziel
Texas Bar No. 00793380
208 N. Market St.
Suite 400
Dallas, TX 75202
214-749-1400
214-749-1010 (fax)

STUCKEY, GARRIGAN & CASTETER

Timothy B. Garrigan
Texas Bar No. 07703600
2803 North Street
P.O. Box 631902
Nacogdoches, TX 75963-1902
(936) 560-6020   phone
(936) 560-9578   fax

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion and the Order and Attachments has been served on Defendant's counsel.

        /s/   J. Derek Braziel
        J. Derek Braziel

## CERTIFICATE OF FILING UNDER SEAL

Pursuant to the local rules, the attachments and exhibits to this Motion were filed under seal pursuant to a Motion to do so filed with the Court. The Parties desire that the exhibits and attachments not be made part of the public record in this matter.

        /s/   J. Derek Braziel
        J. Derek Braziel